**ELLIOTT J. MACKLE, as administrator De Bonis Non Cum Testamento Annexo of the Estate of Frank E. Mackle, Sr., FRANK E. MACKLE, ELLIOTT J. MACKLE and ROBERT MACKLE, co-partners doing business under the firm name and style of THE MACKLE COMPANY: LEACH CONSTRUCTION COMPANY, A dissolved Florida corporation and W. E. LEACH, an individual doing business as LEACH CONSTRUCTION CO., v. MIAMI STATION, INC., a Florida corporation.**

24 So. (2nd) 517
January 18, 1946

January Term, 1946
Division A

*Herbert S. Phillips,* United States Attorney, and *Fred Botts,* Assistant United States Attorney, for appellants.

*Myers & Heiman,* for appellee.

TERRELL, J.:

The appellant was a general contractor and appellee was a subcontractor. Appellee was plaintiff and appellant was defendant in the lower court. The plaintiff brought an action against defendant to recover the value of work, labor, material and services furnished defendant in the construction of a Naval Hospital at Key West for the Federal Government on a cost plus basis.

The contract price for constructing the hospital was $51,993.60. The work was commenced promptly, "extras" at an agreed cost of $5,598.20 were furnished, the hospital was completed and taken over by the government in October 1942. At this time there was a balance due plaintiff of $15,033.80. Defendants refused payment of this amount on the ground that certain work and materials agreed on were defective or incomplete, for which they were entitled to a set-off against the sum due in the amount of $13,641.00.

This suit was filed in May 1944. By stipulation it was agreed that the following and no other issues were presented; (1) Was any of the work defective or incomplete? (2) If there was defective or incomplete work, what was its reasonable value? (3) What balance is due plaintiff after giving credit for payments made, allowing a reasonable value for defective or incomplete work and giving the due allowance for interest legally due on any unpaid balances? A jury was waived and the issues were tried before the court, resulting in a judgment for the plaintiff in the sum of $12,907.80 principal and $2,257.38 interest. This appeal is from that judgment.

We have read the record and we are unable to reconcile the judgment with the evidence. Under the stipulated issues we think the parties were entitled to a judgment setting out these facts; (1) Any item performed that was defective or incomplete, (2) The reasonable value of the items found to be defective or incomplete, (3) Strike a balance between the sum so found and the amount paid on the contract and allow interest legally due thereon. Under the issues as agreed on the cause was converted into one very much like an arbitration and the only judgment that would apprise the parties of

the situation would be one setting out the items allowed and those disallowed and the amount allowed on each.

The reason for this holding is that it appears that there is a controversy with reference to twenty-four items and five supplementary items that pertain to the schedule of work on the hospital. A statement as to which of these items is allowed and the amount allowed would certainly facilitate the disposition of the cause and enable the parties to know their status. It is the only means by which the judgment and the record can be reconciled.

The trial judge found for the plaintiff and assessed the damages at $12,907.80 principal and $2,257.38 interest. Appellant contends that this holding is in error and is without support in the evidence. Since we find ourselves unable to reconcile it with the record we think both parties are entitled to have it stated in a manner sufficiently explicit that counsel can bring to the attention of the court such errors as they may deem to have been made in the allowance or disallowance of any item or items. Appeal from such an order will enable this court to point out the error if one is committed. In the present state of the judgment it is not possible to point out what if any error was committed.

The judgment appealed from is accordingly reversed with directions to reopen the cause and proceed as directed in this opinion. More evidence may be taken if need be.

Reversed with directions.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.